Dye v RBNB 20 Owner LLC (2024 NY Slip Op 03537)

Dye v RBNB 20 Owner LLC

2024 NY Slip Op 03537

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, O'Neill Levy, JJ. 

Index No. 155646/22 Appeal No. 2568 Case No. 2024-00137 

[*1]Colleen Dye et al., Plaintiffs-Respondents,
v
RBNB 20 Owner LLC, et al., Defendants-Appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Steven V. DeBraccio of counsel), for appellants.

Order, Supreme Court, New York County (Paul A. Goetz, J.) entered on or about December 1, 2023, which denied defendants' motion under CPLR 2221(e) for leave to renew their motion for use and occupancy pendente lite, unanimously affirmed, without costs.
The motion court providently denied defendants' motion for leave to renew their motion for use and occupancy. Although defendants maintain that the New York City Department of Buildings (DOB) records show that the 59-story residential building's elevators were repaired, they fail to explain, as required by CPLR 2221(e)(3), why the DOB records were purportedly unavailable at the time of the original motion, nor do they explain why these records would be dispositive. While defendants urge that renewal may be granted "in the interest of justice even upon facts that were known to the movant at the time the original motion was made" (Kaszar v Cho, 160 AD3d 501, 502 [1st Dept 2018]), we do not find that such circumstances are present here.
As determined in this Court's March 14, 2024, order affirming the denial of defendants' motion for use and occupancy, the central question in this case is whether defendants' alleged failure to provide elevator service constituted an actual partial eviction, "suspending plaintiff's obligation to pay rent or use and occupancy" for the period in question (Dye v RBNB 20 Owner LLC, 225 AD3d 468, 468 [1st Dept 2024]). Therefore, we find no basis for disturbing our earlier determination that the "remedy for any over or underpayment [of use and occupancy] is a speedy trial" (Dye v RBNB 20 Owner LLC, 225 AD3d at 469).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024